EDISON E. WEST, as Trustee in Bankruptcy of J. GRAVIN & SON, INC., Plaintiff, *v.* JOSEPH GREENSPAN, Defendant.

Supreme Court, Monroe County, February 3, 1934.

*David M. Berger [Clarence E. Hamilton* of counsel], for the motion.

*Samuel Levy,* opposed.

KNAPP, J.   On or about the 31st day of December, 1932, an action was brought by this plaintiff against Greenspan & Greenberger Company, Inc., to recover the sum of $1,158, besides interest thereon from the 12th day of August, 1932, and the costs of such action. Said action was brought in law to recover the above amount as damage from the defendant upon the ground that it had received the same as a preference payment from J. Gravin & Son, Inc., in violation of section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96).

The plaintiff procured judgment on the 27th day of March, 1933, against said Greenspan & Greenberger Company, Inc., for $1,185, besides the costs of the action; thereafter a transcript was issued to the clerk of the county of New York and an execution was issued upon that judgment.

Suits to recover damages arising out of preferential transfers have been universally held by the courts of this State to be actions at law and not in equity.   (*Coudert* v. *Jarvis,* 188 N. Y. 584; *Allen* v. *Gray,* 201 id. 504.)

At about the time that the transcript was filed against such defendant in the county of New York and execution issued to the sheriff of such county, Greenspan & Greenberger Company, Inc., made a general assignment for the benefit of its creditors to one Joseph Greenspan.   The plaintiff claims that the assignee of Greenspan & Greenberger Company, Inc., in this action is liable as a trustee *ex maleficio* for preference collected by his assignor.   I am unable to agree with this contention, and have been unable to find any authority sustaining it.   The plaintiff alleges that the moneys received by the defendant's assignor were received under a fiduciary and trust relationship, and that, therefore, the defendant's assignor was a fiduciary to the extent of the preference received.   In this case no attempt is made to trace these funds into any specific class of property.   When received by the defendant's assignor, they were mixed with its general funds.   No claim is made, as I understand it, that such funds were either separated or marked.

Assuming that this defendant assignee received these funds in a trust capacity, still " a trust creditor is not entitled to a preference over general creditors of the insolvent, merely on the ground of the nature of his claim, that is, that he is a trust creditor as distinguished from a general creditor."   (*Matter of Cavin* v. *Gleason,*

105 N. Y. 256; *Frank* v. *Bingham*, 58 Hun, 580; *Matter of Hicks*, 170 N. Y. 195.)

The defendant's assignor was a debtor of the bankrupt. The plaintiff's rights against the defendant in this action are no greater than the plaintiff's rights against the defendant's assignor. The plaintiff had a judgment for money against the defendant's assignor, and it sought to recover through an execution issued upon that judgment. The defendant's assignor occupied no fiduciary relationship to the plaintiff that I am able to see. Neither does the defendant, its assignee. The defendant's assignor received this money within the four-month period from this subsequent bankrupt. What it did with such funds when so received does not appear. Whether the funds of the assignor were more or less at the time of its assignment than at the time of its receipt of the money from the bankrupt does not appear. Where this money went we are not told. Evidently, it was used by the assignor in its business.

The defendant's motion to dismiss the plaintiff's complaint is granted, with costs.